IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ADA LOUISE McHENRY,
individually and on behalf of all
others similarly situated,

     *Plaintiff*,

v.

HENDRICK MEDICAL CENTER
d/b/a HENDRICK MEDICAL
CENTER SOUTH AND HENDRICK
HEALTH; and XSOLIS, INC.,

     *Defendants*.

Case No. 1:26-cv-00361

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, 1446, and 1453, and all other applicable laws, Defendant Xsolis, Inc. ("Xsolis") hereby gives notice of removal in the above action from the District Court of Taylor County, Texas, to this Court.

As grounds for removal, Xsolis states as follows:

### I.    INTRODUCTION

1.    This Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") because the proposed class contains at least 100 members, at least one proposed class member is a citizen of a State different from Xsolis, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. None of the CAFA exceptions apply in this action. This Court also has federal question jurisdiction because Plaintiff alleges that she and the putative class have been damaged by Defendants' failure to comply with federal laws.

## II.    BACKGROUND

2.    On June 17, 2026, Plaintiff Ada Louise McHenry ("Plaintiff") filed Plaintiff's Original Petition in Class Action (the "Petition") against the above-captioned Defendants in the District Court of Taylor County, Texas.

3.    The Petition asserts claims against Hendrick Medical Center d/b/a Hendrick Medical Center South, Hendrick Health (collectively "Hendrick"), and Xsolis arising from an alleged January 22, 2026 phishing attack directed at Xsolis. Ex. 1, Pet. ¶¶ 13, 16, 22–24, 118, 200.

4.    Plaintiff purports to bring the action under Texas Rule of Civil Procedure 42 on behalf of "[a]ll individuals whose Personal Information was compromised in the data breach reported by Hendrick Medical Center . . . arising from the phishing attack on Xsolis, Inc. on January 22, 2026, including all who were sent a Notice of the Data Breach." Ex. 1, Pet. ¶¶ 117–18.

5.    Xsolis's registered agent was served with process on June 25, 2026 via process server. Ex 1, Return of Service for Xsolis. This Notice is timely because it is filed within 30 days after Xsolis received, through service or otherwise, a copy of the initial pleading. *See* 28 U.S.C. § 1446(b)(1).

## III.    GROUNDS FOR REMOVAL

### A.    Class Action Fairness Act

6.    This action is removable under 28 U.S.C. § 1332(d), as amended by CAFA. A putative class action commenced after February 18, 2005 is removable if: (i) any member of the putative class is a citizen of a state different from any defendant; (ii) the putative class consists of at least 100 putative class members; and (iii) the matter in controversy exceeds the sum or value

of $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2) & 1332(d)(5).  These requirements are met here.

7.      CAFA is applicable to this action because it commenced after the effective date of CAFA.

8.      Under CAFA, this action may be removed by any defendant without the consent of all defendants. 28 U.S.C. § 1453(b). While Hendrick's consent is not required, Hendrick's counsel consents to this removal.

9.      This action is a "class action" within the meaning of CAFA.  28 U.S.C. § 1332(d)(1)(B).  Plaintiff seeks to represent a putative class of similarly situated individuals who "are or were patients of Hendrick Medical Center."  Ex. 1, Pet. ¶ 17.  Plaintiff purports to bring this action under Rule 42 of the Texas Rules of Civil Procedure (Ex. 1, Pet. ¶ 8), which is a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

### 1.      The Proposed Class Exceeds 100 Members

10.      The case is removable under CAFA's class action provision, which provides for federal jurisdiction in which the number of proposed plaintiffs is 100 or more. 28 U.S.C. § 1332(d)(5)(B).

11.      The Petition states that Plaintiff and the Class Members are or were patients of Defendant Hendrick Medical Center and that the putative class is "so numerous that joinder of all [class] members is impracticable." Ex. 1, Pet. ¶¶ 17, 123. It is therefore plausible that the proposed class contains more than 100 persons. Thus, 28 U.S.C. § 1332(d)(5)(B) is satisfied.

12.      Plaintiff's decision to file on behalf of a putative class with an unidentified total cannot defeat the 100-plaintiff threshold under CAFA. "The removal process was created by

Congress to protect defendants. Congress did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) (internal quotations and citation omitted).. "Under the well-pleaded complaint rule, the court will look past the words in the complaint to the substance of the claim alleged." *Rozzell v. Sec. Services, Inc.*, 38 F.3d 819, 822 (5th Cir. 1994).

### 2.    Minimal Diversity

13.    The minimal diversity requirement is satisfied.    To establish diversity jurisdiction under CAFA, it is sufficient that any one member of the putative class is a citizen of a state different from any one defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

14.    Plaintiff alleges she is a citizen of Texas.  Ex. 1, Pet. ¶ 2.

15.    Defendant Xsolis is a corporation incorporated under Delaware law. Ex. 1, Pet. ¶ 4. Xsolis's principal place of business is in Tennessee. Therefore, it is a citizen of Delaware and Tennessee.

16.    Because at least one Defendant, Xsolis, has different citizenship from Plaintiff, the minimal diversity requirement of CAFA is satisfied.

### 3.    Amount-in-Controversy

17.    When a class action is removed under CAFA, there must be more than $5,000,000in controversy, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  The claims of the individual class members "shall be aggregated" to determine whether the amount-in-controversy requirement is satisfied.  *Id.* § 1332(d)(6).  There is no requirement that one plaintiff's damages or any class member's damages exceed $75,000 when a class action is removed under CAFA. *See Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592–93 (2013) (discussing CAFA's aggregate amount in controversy requirement); *Gene & Gene L.L.C. v. BioPay L.L.C.*, 541 F.3d 318, 323–24 & n.6 (5th

Cir. 2008).  Rather, as a "proponent of federal jurisdiction," Xsolis needs only to explain "plausibly how the stakes exceed $5 million[;]" once it has done so, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Berniard v. Dow Chem. Co.*, 481 F. App'x. 859, 862 (5th Cir. 2010) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)); *see also Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) ("[T]hat the removing party bears the burden of proving the amount in controversy does not mean that the removing party cannot ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim.").

18.    Here, it is plausible that the amount-in-controversy exceeds $5,000,000.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–88, 95–96 (2014) (noting that a CAFA removal notice must contain only a "short and plain statement" plausibly alleging that the amount in controversy exceeds $5,000,000).

19.    Courts consider numerous categories of damages sought. In *Madison v. Aviles*, 542 F. Supp. 3d 521, 529–31 (N.D. Tex. 2021), *rev'd on other grounds sub nom. Madison v. ADT, L.L.C.*, 11 F.4th 325 (5th Cir. 2021), this Court held the amount-in-controversy was met despite the class allegedly including at least 220 people and reasoned that, even if the class were capped at figure, $25,000 per person would exceed $5,000,000, and it was more likely than not that class members were claiming at least that amount for a "troubling" privacy intrusion.

20.    Here, Plaintiff and the putative class members "seek nonmonetary injunctive, declaratory, and incident and subordinate relief and monetary relief including costs and attorneys' fees in excess $1,000,000." Ex. 1, Pet. ¶ 8. More specifically, in addition to injunctive and declaratory relief, Plaintiff and the putative class members seek credit monitoring for at least three years; actual damages, compensatory damages, statutory damages, and statutory penalties;

punitive damages; DTPA damages up to three times actual damages; an award of attorneys' fees and costs, and any other expense. *Id.* ¶¶ 161, 183–84, 195, 215, 226–27, 242–43, 245–47, Prayer for Relief. They allege injuries including lost time; compromise/theft of Private Information; diminution in value of Private Information; increased risk of future fraud, identify theft, and misuse of Private Information; violation of privacy; out-of-pocket costs; future mitigation costs; and emotional distress, fear, and anxiety. *Id.* ¶¶ 102–15, 204.

21.    Based on the damages sought by the Plaintiff and the putative class members, specifically including compensatory damages, punitive damages, DTPA damages up to three times actual damages, and attorneys' fees, the aggregate amount-in-controversy plausibly exceeds the $5 million jurisdictional threshold.

**4.    There are No Applicable Exceptions or Exemptions**

22.    Plaintiff bears the burden of demonstrating that any exception to CAFA jurisdiction applies. *See Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir. 2006).  In any event, none of the exceptions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d) apply here.

**a.    Home-state Exception Does Not Apply**

23.    Under the home-state exception, "a district court shall decline to exercise jurisdiction" over a case removed under CAFA if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, ***and*** the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (emphasis added).  Xsolis is a non-forum primary defendant.  Because at least one primary defendant is not a Texas citizen, the home-state exception is unavailable as a matter of law.

24.    The home-state exception does not apply unless ***all*** primary defendants are citizens of the forum state. *Watson v. City of Allen*, 821 F.3d 634, 641 (5th Cir. 2016) (citing *Frazier*, 455 F.3d at 546).  Thus, the presence of even one non-forum primary defendant defeats the exception.

6

Although CAFA does not define "primary defendant," the Fifth Circuit has endorsed an analysis that identifies the defendants who are the real targets of the litigation and whose alleged conduct forms the suit's principal focus. *Madison v. ADT, L.L.C.*, 11 F.4th 325, 328–29 (5th Cir. 2021); *Watson*, 821 F.3d at 641.

25.     Under *Madison*, the court must assume liability and determine whether the defendant is the "real target" of the plaintiff's accusations. *Madison*, 11 F.4th at 328 (quoting *Vodenichar v. Halcón Energy Props., Inc.*, 733 F.3d 497, 504–05 (3d Cir. 2013)). That inquiry asks whether the plaintiff seeks to hold the defendant liable for its own conduct rather than merely requiring it to answer for another's acts. *Id.* (quoting *Vodenichar*, 733 F.3d at 505–06). It also requires consideration of whether the defendant faces exposure to a substantial portion of the proposed class and would sustain a substantial loss relative to the other defendants if liability were imposed. *Id.* (quoting 733 F.3d at 505–06).

26.     *Watson* likewise directs courts to identify the lawsuit's "primary thrust." 821 F.3d at 641. There, the primary thrust was a constitutional challenge to a Texas legislative scheme, making the governmental entities responsible for that scheme the primary defendants rather than the private contractors that merely assisted in its implementation. *Id.* Likewise here, the Petition targets Xsolis's own computer systems, conduct, and alleged failures as the source of the claimed injuries. As in *Watson*, the primary thrust of Plaintiff's claims is that Xsolis is a primary defendant.

27.     The Petition contends that "Defendant Xsolis became aware of unauthorized activity resulting from a targeted phishing attack". Ex 1, Pet. ¶¶ 22. The Petition alleges that Xsolis provided "case and utilization management services" to Hendrick and, in that role, "received, stored, and maintained" Plaintiff's and putative class members' private information. Ex 1, Pet. ¶¶ 4, 16, 123. Plaintiff further alleges that the information Xsolis had received and stored

"was accessible to and accessed by the unauthorized actor in the phishing attack." Ex 1, Pet. ¶¶ 22–23. Xsolis is the target of Plaintiff's allegations, and the primary thrust of this action is to obtain relief from Xsolis for the alleged compromise of information maintained within Xsolis's computer systems.

28.    The putative class definition likewise covers persons whose information was allegedly compromised in the phishing attack on Xsolis. Ex 1, Pet. ¶¶ 118, 123. Plaintiff and the putative class attribute fault to Xsolis by alleging "a targeted phishing attack against Xsolis resulted in an unauthorized third party or parties accessing and exfiltrating" private information. Ex 1, Pet. ¶ 200.

29.    Nowhere does Plaintiff allege that Hendrick's network was penetrated, that Hendrick's systems were compromised, or that information was taken from a Hendrick server. Instead, the alleged intrusion occurred through a phishing attack directed at Xsolis, and the information allegedly accessed was information Xsolis had received and maintained. Ex 1, Pet. ¶¶ 4, 16. Although Plaintiff groups the Defendants together in asserting the causes of action, the operative facts underlying those claims concern the alleged failure to secure information stored by Xsolis and the resulting access to that information through an attack on Xsolis. The lawsuit's primary thrust is therefore to hold Xsolis responsible for its own purported actions. *See Madison*, 11 F.4th at 328–29.

30.    Moreover, Plaintiff's allegations extend to every proposed class member because the putative class is defined by whether the member's information was compromised in the alleged phishing attack on Xsolis. *Id.* ¶ 118. Xsolis therefore faces potential direct exposure to the entire class. *See Madison*, 11 F.4th at 328; *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 572 (5th Cir. 2011) (per curiam) (Texas defendants who issued insurance policies that violated Texas law

were "the primary defendants, because all putative class members, by definition, [had] claims against [them], and as the entities that issued the insurance policies, [they had] a primary role in the alleged discrimination," but reinsurers who participated in and permitted such violations were not).

31.    Plaintiff's effort to designate Hendrick as "the primary Defendant" cannot control the jurisdictional analysis.  Ex. 1, Pet. ¶ 11.  The Court must examine the substance of the allegations and the relief sought.  But even if this Court was persuaded that Hendrick may be a primary defendant, more than one defendant can be a "primary defendant" under CAFA.  *See Madison*, 11 F.4th at 327–29; *see also Kress Stores of Puerto Rico, Inc. v. Wal-Mart Puerto Rico, Inc.*, 121 F.4th 228, 236–38 (1st Cir. 2024); *Sudholt v. Country Mut. Ins. Co.*, 83 F.4th 621, 628–29 (7th Cir. 2023); *Singh v. American Honda Finance Corp.*, 925 F.3d 1053, 1067–69 (9th Cir. 2019).

32.    The national scope of the litigation further confirms that Xsolis is a primary defendant and that this is precisely the type of interstate class action Congress intended CAFA to place in federal court.  Xsolis has been named in multiple class action lawsuits arising from the same data security incident, including actions asserting claims on behalf of putative classes extending beyond Texas.[1]  *See Madison*, 11 F.4th at 327 ("CAFA seeks to draw a delicate balance

---

[1] *See, e.g.*, *Fernando Martinez v. Xsolis, Inc.*, Case No. 3:26-cv-00791, U.S. District Court, Middle District of Tennessee (filed June 15, 2026); *Deborah Todd v. Xsolis, Inc.*, Case No. 3:26-cv-00800, U.S. District Court, Middle District of Tennessee (filed June 11, 2026); *Marcus Owens v. Xsolis, Inc.*, Case No. 3:26-cv-00805, U.S. District Court, Middle District of Tennessee (filed June 12, 2026); *Eugene Chu, et al. v. Xsolis, Inc.*, Case No. 3:26-cv-00810, U.S. District Court, Middle District of Tennessee (filed June 12, 2026); *Daynique Johnson v. Xsolis, Inc.*, Case No. 3:26-cv-00815, U.S. District Court, Middle District of Tennessee; *Lyris Spencer-Harris v. Xsolis, Inc.*, Case No. 3:26-cv-00817, U.S. District Court, Middle District of Tennessee (filed June 15, 2026); *Wendy Dion v. Xsolis, Inc.*, Case No. 3:26-cv-00827, U.S. District Court, Middle District of Tennessee (filed June 16, 2026); *Gregory Mitchell v. Xsolis, Inc.*, Case No. 3:26-cv-00830, U.S. District Court, Middle District of Tennessee (filed June 17, 2026); *Juells McLeod v. Xsolis, Inc.*, Case No. 3:26-cv-00833, U.S. District Court, Middle District of Tennessee (filed June 18, 2026); *Roscoe Shorey v. Xsolis, Inc.*, Case No. 3:26-cv-00834, U.S. District Court, Middle District of Tennessee (filed June 18, 2026); *Holly Mathews v. Xsolis, Inc.*, Case No. 3:26-cv-00839, U.S. District Court, Middle District of Tennessee (filed June 22, 2026).

between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state.") (internal quotation marks and citation omitted). Those parallel actions demonstrate that the controversy is not uniquely local to Texas and that the allegations against Xsolis are the common focus of broader federal court litigation.

33.     Because Xsolis is a non-Texas primary defendant, Plaintiff cannot carry her burden to establish the home-state exception, and this Court should retain jurisdiction under CAFA.

### b.     Local Controversy Exception Does Not Apply

34.     The local controversy exception requires courts to decline to exercise jurisdiction over a class action where "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons."  28 U.S.C. § 1332(d)(4)(A)(ii).  This fails because more than one class action was filed against Xsolis based on the same alleged data security incident prior to Plaintiff filing this action.[2] Accordingly, the local controversy exception does not bar removal.

### B.     Federal Question Jurisdiction

35.     This court also has federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff alleges that she and the putative class members have been damaged by Defendants' failure to comply with the Federal Trade Commission Act, 15 U.S.C. § 45, the Health Insurance Portability and Accountability Act ("HIPAA"), Pub.L. 104–191, Aug. 21, 1996, and the Health Information Technology for Economic and Clinical Health Act ("HITECH"), 42 U.S.C. § 17932 . Ex. 1, Pet.

---

[2] Supra, n. 1.

¶¶ 25–65, 66–69, 171–179. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. § 1331.

### C.    Supplemental Jurisdiction

36.    This Court has supplemental jurisdiction over Plaintiff's state law claim (Count III) pursuant to 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.").

37.    Plaintiff's state law claim relates directly to her claims that Defendants violated federal laws involving the unfair practice of failing to use reasonable security measures to protect confidential data. *See* Ex. 1, Pet. ¶¶ 58, 187.

38.    Based on the strong interrelatedness of Plaintiff's state law claim and the federal claims, the Court has supplemental jurisdiction over the state law claim.

### D.    Procedural Requirements

39.    Promptly after filing this Notice, Xsolis will provide written notice to Plaintiff and file a copy of this Notice with the clerk of the state court as required by 28 U.S.C. § 1446(d).

40.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1(a)(4)(A)-(C), an index of all documents filed in state court is attached as **Exhibit 1**, with each state court document filed as a separate attachment, and a copy of the docket sheet is attached as **Exhibit 2**.

41.    Pursuant to Local Rule 81.1(a)(4)(D), a separately signed certificate of interested persons is attached as **Exhibit 3**.

42.    Pursuant to Local Rule Local Rules 3.3 and 81.1, a Notice of Related Case is attached as **Exhibit 4**.

43.     This Notice is timely because it is filed within 30 days after Xsolis received, through service or otherwise, a copy of the initial pleading on June 25, 2026. *See* 28 U.S.C. § 1446(b)(1); Ex 1, Return of Service for Xsolis.

44.     Xsolis is currently in the process of engaging local counsel and will promptly file its designation as soon as that engagement is complete. *See* Local Rule 83.10.

45.     By filing this Notice, Xsolis does not waive, and expressly preserves, all defenses, objections, and rights, including defenses concerning service, personal jurisdiction, venue, arbitration, standing, class certification, failure to state a claim, and the merits. Xsolis also reserves the right to amend or supplement this Notice to address any challenge to federal jurisdiction or to provide additional jurisdictional evidence.

## IV.     CONCLUSION

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) and 28 U.S.C. § 1331.  All removal prerequisites have been met.  Removal is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. Xsolis further requests any and all relief it is justly entitled.

Respectfully submitted,

**BUTLER SNOW LLP**

By: */s/ Amanda G. Taylor*
    Amanda G. Taylor
    State Bar No. 24045921
    amanda.taylor@butlersnow.com
    Roshni Mahendru
    State Bar No. 24138224
    roshni.mahendru@butlersnow.com
    1400 Lavaca Street, Suite 1000
    Austin, TX 78701
    Tel: (737) 802-1800
    Fax: (737) 802-1801

**ATTORNEYS FOR DEFENDANT XSOLIS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 24, 2026, a true and correct copy of the foregoing document was served on all counsel of record via email and/or via the Court's CM/EF system in accordance with the Federal Rules of Civil Procedure:

Emily B. Marlowe
emarlow@potts-law.com
Matt Price
mprice@potts-law.com
**POTTS LAW FIRM, LLP**
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Tel.: (713) 963-8881
Fax: (713) 585-5388

*/s/ Roshni Mahendru*
Roshni Mahendru